UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HENDON, | No. 2:14-cv-1171 KJN P |
| Plaintiff, | |
| v. | ORDER |
| WILLIAM E. KULKA, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983, together with two requests for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c), and Local Rule 305(a). (See ECF No. 4.)

The undersigned takes judicial notice[1] of the National Pro Se Three-Strikes Database,[2] which indicates that plaintiff is a "three strikes litigant" under 28 U.S.C. § 1915(g). This designation was initially made by another magistrate judge in this court, by order filed July 29, 2010, in Hendon v. Baroya et al., Case No. 1:09-cv-00911 MJS P (see ECF No. 14).[3]

---

[1] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

[2] The National Pro Se Three-Strikes Database is at http://nprose.circ9.dcn/Litigant.aspx.

[3] The court ruled in pertinent part (Case No. 1:09-cv-00911 MJS P, ECF No. 14 at 2):

1

As a three strikes litigant, plaintiff may not proceed in forma pauperis unless he demonstrates that he was "under imminent danger of serious physical injury" at the time he filed his complaint. 28 U.S.C. § 1915(g). If plaintiff cannot make this showing, his only option for proceeding with this action is to pay the full filing fee.

Title 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The imminent danger exception applies only if it is clear that the danger existed when the complaint was filed. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). The court is required to assess the relevant circumstances and conditions at the time the complaint was filed, to determine "whether the complaint, as a whole, alleges imminent danger of serious physical injury." Id. (citation and internal quotation marks omitted). Moreover, the danger must be ongoing to meet the imminence requirement. Id. at 1056. "[A] prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the 'ongoing danger' standard and meet the imminence prong of the three-strikes exception." Id. at 1056–57. Allegations that are overly speculative or fanciful may be rejected. Id. at 1057 n.11. The alleged imminent danger must be real and proximate. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003).

Pursuant to the instant complaint, plaintiff challenges the "unwanted administration of anti-psychotic drugs," both for himself and on behalf of "all present and future California inmates

---

On at least three prior occasions, Plaintiff has brought civil actions challenging the conditions of his confinement that were dismissed as frivolous or for failure to state a claim upon which relief can be granted. Hendon v. Witcher, 1:05-cv-1246-AWI-DLB (PC) (E.D. Cal., dismissed on August 6, 2007); Hendon v. Rogel, 2:05-cv-1063-DFL-PAN (PC) (E.D. Cal., dismissed on August 28, 2006); Hendon v. White, 2:07-cv-1825-GEB-CMK (PC) (E.D. Cal., dismissed on February 5, 2008). Plaintiff is therefore not entitled to proceed in forma pauperis unless he alleges facts indicating that he is in imminent danger of serious physical injury.

of the CDCR on involuntary medication." (ECF No. 1 at 2, 3, 5.) Plaintiff relies on the California appellate court's holding in Keyhea v. Rushen, 178 Cal. App. 3d 526 (1986), which affirmed the right of a state prisoner to refuse psychotropic medications unless he has been adjudged by a superior court to be incompetent to refuse such medication. Accord, In re Qawi, 32 Cal. 4th 1, 21 (2004); see also United States v. Williams, 356 F.3d 1045, 1054 (9th Cir. 2004 ("The Supreme Court has thrice recognized a 'liberty interest in freedom from unwanted antipsychotic drugs.'") (Citations omitted.)

The complaint names two defendants: Dr. William Kulka, plaintiff's psychiatrist at California State Prison Sacramento (CSP-SAC), and Mike Stainer, Director of the Division of Adult Institutions for the California Department of Corrections and Rehabilitation (CDCR). Plaintiff alleges that "on February 17, 2009, Defendant Kulka initiated the involuntary medication for Plaintiff before the hearing occurred, and Plaintiff's medications [have] been renewed since then." (Id. at 4.) Plaintiff alleges that he has been denied due process and that he continues to suffer side effects to the challenged medication, including tremors or shakiness in his right hand.

Plaintiff also seeks to represent "thousands of present and future inmates on involuntary medication."[4] (Id. at 5.) Plaintiff alleges that defendant Stainer "is responsible for the unlawful regulations and procedures challenged herein, and has the authority and legal obligation to eliminate unwanted administration of anti-psychotic drugs by abolishing these regulations, and procedures." (Id. at 3.)

The court finds that plaintiff has failed to demonstrate he was "under imminent danger of serious physical injury" when he filed the complaint. Plaintiff is challenging a medication regimen that commenced in February 2009, more than five years ago, and alleges no specific threat of physical injury, other than his allegedly ongoing and relatively minor side effects to the medication.

---

[4] Plaintiff is informed that, as a non-lawyer proceeding without counsel, he cannot represent the interests of a class. See McShane v. United States, 366 F.2d 286 (9th Cir. 1966). This rule particularly applies when, as here, the putative class representative is incarcerated and proceeding pro se. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). Plaintiff cannot "fairly and adequately protect the interests of the class," as required by Fed. R. Civ. P. 23(a)(4). See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976). Therefore, should this action proceed, it will not be construed as a class action, but instead as an individual civil suit brought by plaintiff alone.

1   Plaintiff's failure to demonstrate an imminent risk of serious physical injury at the time he
2   filed his complaint requires that he be denied in forma pauperis status in pursuing this action.
3   Accordingly, plaintiff must pay the $400.00 fee ($350.00 filing fee plus $50.00 administrative
4   fee) before this action can proceed on the merits of the complaint, pursuant to preliminary
5   screening by the court under 28 U.S.C. § 1915A.

6   In accordance with the above, IT IS HEREBY ORDERED that:

7   1. Plaintiff's motions to proceed in forma pauperis (ECF Nos. 2, 5) are denied, due to
8   plaintiff's status as a three strikes litigant under 28 U.S.C. § 1915(g).

9   2. To proceed with this action, plaintiff must, within thirty days after service of this order,
10  submit the full filing fee of $400.00.

11  3. Plaintiff's failure to timely submit the full filing fee will result in the dismissal of this
12  action without prejudice.

13  Dated: June 6, 2014

15  /hend1171.3strikes.

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

4