UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HENDON, | No. 2: 14-cv-1171 KJN P |
| Plaintiff, | |
| v. | ORDER |
| WILLIAM E. KULKA, et al., | |
| Defendants. | |

Plaintiff is state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of the undersigned. (ECF No. 4.) On June 9, 2014, the undersigned denied plaintiff's motions to proceed in forma pauperis due to plaintiff's status as a three strikes litigant under 28 U.S.C. § 1915(g). (ECF No. 6.) The undersigned granted plaintiff thirty days to pay the filing fee. (Id.)

On June 16, 2014, plaintiff filed a motion for reconsideration of the June 9, 2014 order. (ECF No. 7.) This motion is addressed to a District Judge.

Once a civil case is referred to a Magistrate Judge under 28 U.S.C. § 636(c), the reference can be withdrawn only "for good cause shown on its own motion, or under extraordinary circumstances shown by any party." 28 U.S.C. § 636(c)(4); Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993) (stating that "[t]here is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge."). A referral to a magistrate judge will not

1

be vacated where a party has consented in a signed writing to Magistrate Judge jurisdiction, the party fails to make a motion to vacate the reference that is supported by a showing of extraordinary circumstances, and the Court does not sua sponte find good cause for withdrawal of consent.  Id.

Plaintiff has not made a motion to vacate the reference to undersigned that is supported by a showing of extraordinary circumstances.  Accordingly, the request for reconsideration is construed as being addressed to the undersigned.

## Standards For Motions To Reconsider

Although motions to reconsider are directed to the sound discretion of the court, Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process.  Thus Local Rule 230(j) requires that a party seeking reconsideration of a court's order must brief the "new or different facts or circumstances [which] were not shown upon such prior motion, or what other grounds exist for the motion."  Id.  The rule derives from the "law of the case" doctrine which provides that the decisions on legal issues made in a case "should be followed unless there is substantially different evidence . . . new controlling authority, or the prior decision was clearly erroneous and would result in injustice."  Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert. denied, 475 U.S. 1064 (1986).

Courts construing Federal Rule of Civil Procedure 59(e), providing for the alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment."  Costello v. United States, 765 F.Supp. 1003, 1009 (C.D.Cal. 1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991).  These holdings "reflect[] district courts' concerns for preserving dwindling resources and promoting judicial efficiency."  Costello, 765 F.Supp. at 1009.

In the request for reconsideration, plaintiff disputes the finding that he does not meet the imminent danger exception to the three strikes rule.  In this action, plaintiff challenges the

1  "unwanted administration of anti-psychotic drugs." (ECF No. 1.) Plaintiff alleges that he
2  continues to suffer side effects from the challenged medication, including tremors or shakiness in
3  his right hand. In the June 9, 2014 order, the undersigned found that these ongoing and relatively
4  minor side effects did not meet the imminent danger exception. (ECF No. 4.)
5       In the pending motion, plaintiff reasserts that he suffers from tremors or shakiness in his
6  right hand. (ECF No. 7.) Plaintiff also alleges that continued consumption of the drugs increases
7  the risk of tardive dyskinesia. (Id.) Plaintiff does not allege that he has contracted this disease.
8  After reviewing plaintiff's request for reconsideration, the undersigned finds that plaintiff has not
9  demonstrated that he meets the imminent danger exception to the three strikes rule set forth in 28
10 U.S.C. § 1915(g).
11      Accordingly, IT IS HEREBY ORDERED that:
12      1. Plaintiff's June 16, 2014 motion for reconsideration (ECF No. 7) is denied;
13      2. Within thirty days from the date of this order, plaintiff shall submit the filing fee of
14 $400;
15      3. Failure to comply with this order will result in dismissal of this action.
16 Dated: July 23, 2014

18 Hen1171.rec

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3